UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER B., INC., et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>REID P. SCHANTZ, et al., <br><br>　　　　Defendants. | Case No.: C 09-0360 JW (PVT) <br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

On January 7, 2010, Plaintiffs filed a motion to compel Defendant Omni, Financial LLC ("Omni") to produce documents.[1] Defendant Omni opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED.

Plaintiffs' motion is timely. As Plaintiffs note, this court's Civil Local Rule 26-2 sets the deadline for filing discovery motions, and Plaintiffs filed their motion before that deadline.

Plaintiffs' requests seek documents within the broad scope of discovery. Defendant Omni argues that the names and other information related to its other investors is not relevant to Plaintiffs'

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

claims. However, discovery is not limited to information directly relevant to a parties' claim or defense, but extends to information that is reasonably calculated to lead to the discovery of admissible evidence. *See* FED.R.CIV.PRO. 26(b)(1). Further, the scope of discovery expressly includes "the identity and location of persons who know of any discoverable matter." *Ibid.* Plaintiffs are alleging Defendants engaged in a Ponzi scheme. Information regarding investments and returns on investments of other investors is "reasonably calculated to lead to the discovery of admissible evidence," and the other investors are "persons who know of . . . discoverable matter."

Omni's privacy objection is without merit. As Plaintiffs point out, Defendant Omni's investors do not have a reasonable expectation of privacy in the documents to begin with, because other investors are entitled to review the documents pursuant to California Corporations Code sections 17058 & 17106. Moreover, even for information not specifically included within the ambit of Sections 17058 & 17106, the investors' privacy interests must be balanced against the public's need for discovery in litigation. *See Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (E.D.Cal. 1999) (noting that the right of privacy in California extends to financial privacy in litigation, but the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought); *see also, Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975). The Plaintiffs' need for the information for purposes of this litigation is sufficient to outweigh Omni's investors' privacy interests. To the extent any confidential information is not ultimately found to be admissible at trial or in connection with a dispositive motion (in which case the public's interest in open court proceedings would likely entirely outweigh the investors' privacy interests), the confidential information may be adequately protected under the Stipulated Protective Order on file in this case.

IT IS FURTHER ORDERED that Plaintiffs' request for sanctions is DENIED. *See* CIVIL L.R. 7-8(a).

Dated: *2/16/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge