IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Peter B, Inc., et al., | NO. C 09-00360 JW |
| Plaintiffs, | NO. C 10-04454 JW |
| v. | **ORDER FOLLOWING FURTHER CASE MANAGEMENT CONFERENCE; GRANTING MOTION TO WITHDRAW AS PLAINTIFFS' COUNSEL; STAYING CASES** |
| Reid Schantz, et al., | |
| Defendants. | |
| Comerica Bank, et al., | |
| Defendants. | |

On March 14, 2011, the Court conducted a Further Status Conference Re. Settlement for C 09-0360-JW. Counsel for the respective parties were present. At the Conference, the parties discussed Plaintiffs' counsel's pending Motions to Withdraw as Counsel and the status of the Settlement. (hereafter, "Motions," C 09-0360-JW, Docket Item Nos. 172, 173; C 10-4454-JW, Docket Item Nos. 24, 25.) Plaintiffs stated at the Conference that they did not oppose their counsel's Motions to Withdraw.

In a civil case, counsel may not withdraw from an action until relieved by order of the Court. See Civ. L. R. 11-5. Rule 3-700(C) of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client where, among other things: (1) the client breaches an agreement or obligation to the lawyer as to expenses or fees; or (2) other conduct renders it

unreasonably difficult for the lawyer to carry out the employment effectively. Rule 3-700(C)(1)(d), (f).

Here, based on counsel's representation that Plaintiffs and counsel have reached an impasse over the administration of their fee agreement, and Plaintiffs' agreement at the Conference to seek replacement counsel, the Court finds good cause to GRANT counsel's Motions to Withdraw as Plaintiffs' counsel in both C 09-0360-JW and C 10-4454-JW. However, the Mirch firm shall remain as counsel of record on both cases for **thirty (30) days** for the purposes of receiving and providing legal documents until there is identification of substitute counsel. Further, the Court Orders as follows:

(1) As discussed at the Conference, Plaintiffs' counsel shall return all Settlement funds paid directly to the Mirch firm to the Special Master prior to **March 15, 2011.**

(2) The Special Master shall hold all Settlement funds and documents until such time as Plaintiffs have retained substitute counsel or upon further Order of the Court.

(3) The Court sets **April 13, 2011 at 10 a.m.**, unless a conflict arises for that specific time with Mr. Dollar's trial schedule, for a Telephonic Conference to verify the status of Plaintiffs' efforts to retain substitute counsel.

(4) The Court STAYS both C 09-0360-JW and C 10-4454-JW until such time as Plaintiffs retain substitute counsel or upon further Order of the Court.

Counsel shall immediately serve a copy of this Order on Plaintiffs.

Dated: March 16, 2011

JAMES WARE
United States District Chief Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Douglas McFarlin bmcfarlin@ericksenarbuthnot.com
George C. Fisher georgecfisher@gmail.com
Kevin John Mirch mirch@charterinternet.com
Liam John O'Connor nritz@eakdl.com
Marie C. Mirch bobogriz@aol.com
Reid Paul Schantz rps.esq@sasquatch.com
Steve W. Dollar nritz@eakdl.com

**Dated:  March 16, 2011**   **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California