IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Peter B, Inc., et al.,<br><br>      Plaintiffs,<br>  v.<br><br>Reid Schantz, et al.,<br><br>      Defendants.<br>_____/<br>Comerica Bank, et al.,<br><br>      Defendants.<br>_____/ | NO. C 09-00360 JW<br>NO. C 10-04454 JW<br><br>**ORDER FOLLOWING FURTHER CASE MANAGEMENT CONFERENCE; ORDER OVERRULING OBJECTION TO WITHDRAWAL OF COUNSEL** |

On April 13, 2011, the Court held a Telephonic Status Conference Re. Plaintiff's efforts to retain substitute counsel. The parties and the Mirch firm were present, and Defendants were represented by counsel. At the Conference, the parties discussed Mr. Ferguson's need for additional time to retain substitute counsel and Mr. Ferguson's, principal of Plaintiffs appearing in *pro se*, pending Objection to Counsel Withdrawal. (See Docket Item No. 183.) In his Objection, Mr. Ferguson contends that as he was not represented by counsel at the March 14, 2011 Case Management Conference where he consented to the withdrawal of the Mirch Law Firm, his consent was in error and that the Motion to Withdraw[1] should not have been granted. (Id.)

---

[1] (See Docket Item No. 172.) On March 17, 2011, the Court granted the Mirch Firm's Motion to Withdraw following the March 14 Conference where Mr. Ferguson consented to the withdrawal of Plaintiffs' counsel. (See Docket Item No. 181.)

While in some exceptional cases involving *in forma pauperis pro se* litigants a court may request counsel represent a litigant, the Ninth Circuit has clearly held that there is no absolute right to counsel in civil proceedings. See Hedges v. Resolution Trust Corp., 32 F.2d 1260 (9th Cir. 1994).

Upon review, the Court finds that it lacks authority to reappoint the Mirch Law Firm to represent Plaintiffs. Accordingly, the Court OVERRULES Mr. Ferguson's Objection to Counsel Withdrawal. Further, in light of the discussions at the conference, the Court orders as follows:

(1) The Court sets **May 12, 2011 at 10 a.m.** for a Telephonic Conference to verify that Plaintiffs' have successfully retained substitute counsel. Plaintiffs were advised at the Conference that, as corporate entities, they must be represented by counsel in this Court. See Civ. L.R. 3-9(b).

(2) The Mirch Law Firm shall remain as counsel of record on both cases for **twenty-one (21) days** for the purposes of receiving and providing legal documents until there is identification of substitute counsel. After that time, the Mirch Firm will provide all legal files and documents pertaining to Plaintiffs to Special Master George Fisher to hold until substitute counsel is retained.

(3) The Court continues to STAY both C 09-0360-JW and C 10-4454-JW until such time as Plaintiffs retain substitute counsel or upon further Order of the Court.

Counsel shall immediately serve a copy of this Order on Plaintiffs.

Dated: April 14, 2011

JAMES WARE
United States District Chief Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Douglas McFarlin bmcfarlin@ericksenarbuthnot.com
George C. Fisher georgecfisher@gmail.com
Kevin John Mirch mirch@charterinternet.com
Liam John O'Connor nritz@eakdl.com
Marie C. Mirch bobogriz@aol.com
Reid Paul Schantz rps.esq@sasquatch.com
Steve W. Dollar nritz@eakdl.com

**Dated:  April 14, 2011**              **Richard W. Wieking, Clerk**

                                        **By:      /s/ JW Chambers**
                                               **Elizabeth Garcia**
                                               **Courtroom Deputy**